WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keegan Moore,<br><br>         Plaintiff,<br><br>v.<br><br>Lauren Farnsworth,<br><br>         Defendant. | No. CV-24-02026-PHX-GMS<br><br>**ORDER** |

Before the Court is Defendant Lauren Farnsworth's Motion to Dismiss First Amended Complaint (Doc. 15) and Plaintiff Keegan Moore's Motion to Strike and Motion for Sanctions Pursuant to FRCP 5.2(A) (Doc. 20). For the reasons below, the Court grants Defendant's Motion (Doc. 15) and denies Plaintiff's Motion (Doc. 20).

## BACKGROUND

Plaintiff Keegan Moore and Defendant Lauren Farnsworth divorced January 29, 2018. (Doc. 13 at 1). The parties entered a stipulated parenting plan in March 2021. (*Id.* at 2). In January 2024, the parties were involved in custody-related litigation in Arizona state court. (*Id*). Discovery took place over the following months, concluding with a state-court hearing in April 2024. (*Id.* at 2-3).

Plaintiff filed an Amended Complaint (Doc. 13), which is the operative complaint in this case, on September 18, 2024. In his Amended Complaint, Plaintiff alleges that the family court proceedings violated several of his constitutional rights, that Defendant conspired to infringe on his parental rights, that Defendant engaged in extrinsic fraud by

failing to disclose evidence during the state-court litigation, that Defendant made false representations and false statements to Plaintiff and the state court, and that Defendant conspired with the Department of Child Safety over the course of the state-court litigation. (*Id.* at 3-9).

## DISCUSSION

### I. Defendant's Motion to Dismiss (Doc. 15)

#### a. Legal Standard

Defendant may prevail on her motion to dismiss if Plaintiff "fail[ed] to state a claim upon which relief can be granted." *Whitaker v. Tesla Motors, Inc*., 985 F.3d 1173, 1175 (9th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). Plaintiff's Complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even if the Complaint has a cognizable legal claim, the factual content must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.; *see also Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984) ("A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.").

In evaluating a 12(b)(6) motion to dismiss, courts generally consider only the material in the pleadings; however, courts may take judicial notice of "matters of public record." *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). "Because court documents 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned,' *see* Fed. R. Evid. 201, court filings are proper subjects of judicial notice under Rule 201." *Menna v. Radmanesh*, No. CV 14-355-R, 2014 WL 6892724, at *2 (C.D. Cal. Oct. 7, 2014) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of "court filings and other matters of public record" because they are "readily verifiable")); *see also Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006) ("We take judicial notice of the Montana state court orders and

proceedings.").

### b. Subject Matter Jurisdiction

#### i. The *Rooker-Feldman* Doctrine

To the extent that Plaintiff asks the Court to overturn a state court judgment, this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. (Doc. 13 at 3-4, 10). "The *Rooker-Feldman* doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). The doctrine "applies only when the federal plaintiff both asserts as [his] injury legal error or errors by the state court and seeks as [his] remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). It is "not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Cogan v. Trabucco*, 114 F.4th 1054, 1064-5 (9th Cir. 2024).

Here, Defendant initiated a state court proceeding to require that Plaintiff have supervised parenting time. (Doc. 15-1 at 3).[1] The state court concluded that Defendant met her burden of showing that modification of the existing parenting-related orders served the child's best interest. (*Id.* at 10). Plaintiff claims that the state court violated his due process and equal protection rights by issuing default judgment despite improper service of Plaintiff, failure to provide Plaintiff notice of a default judgment, and the issuance of a preliminary injunction without judicial signature. (Doc. 13 at 3-4). Plaintiff further claims that the state court wrongfully denied him the right to a trial by jury in violation of the Seventh Amendment. (*Id.* at 4). Through these claims, Plaintiff brings a lawsuit "alleging errors by the state court[] in rendering judgment" that *Rooker-Feldman* bars. *See Cogan*, 114 F.4th at 1064; *see also Jenkins v. Puckett and Redford PLLC*, No. 2:19-cv-01550, 2020 WL 4517933, at *5-6 (W.D. Wash. Aug. 3, 2020) (declining to review plaintiff's

---

[1] The Court takes judicial notice of the state court proceedings in the Superior Court of Arizona, Maricopa County. *See Dawson*, 451 F.3d at 551. The Court also takes judicial notice of the court filings, provided by Defendant as Exhibits 1 through 13 (Doc. 15-1), regarding those state court proceedings.

- 3 -

allegations of insufficient service of process and invalid default judgment in state court under *Rooker-Feldman*); *see also Bryant v. Gordon & Wong Law Group, P.C.*, 681 F.Supp.2d 1205, 1208 (E.D. Cal. 2010) (declining to review the state court's entry of default judgment and writ of execution); *see also Hamilton v. Floyd Cnty. Ind.*, No. 4:16-cv-00210, 2018 WL 4680186, at *6 (S.D. Ind. Sept. 28, 2018) (declining to review state court's denial of plaintiff's jury request). Plaintiff demands that the Court "[s]et aside any judgments, orders or rulings" that were made in error, (Doc. 13 at 10), but such action "would necessarily require review of those state court judgments" in violation of the *Rooker-Feldman* doctrine. *See Bryant*, 681 F.Supp.2d at 1208. "If Plaintiff believes he has been wronged by the actions of the state court, he must turn to the state for remedy." *Id.* As such, this Court lacks subject matter jurisdiction to review Plaintiff's due process, equal protection, and Seventh Amendment claims because Plaintiff asserts legal error by the state court and seeks as his remedy relief from state court judgment.

### ii. Extrinsic Fraud

Plaintiff also alleges Defendant engaged in "extrinsic fraud" on the state court. (Doc. 13 at 6-9). "Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud." *Kougasian*, 359 F.3d at 1141. It is "conduct which prevents a party from presenting his claim in court." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981).[2]

As an initial matter, Plaintiff's allegations that Defendant made false statements to the state court do not provide a basis for extrinsic fraud. *See Menna*, 2014 WL 6892724, at *9 (citing *Wood*, 644 F.2d at 801 (holding that an allegation of perjury does not raise an issue of extrinsic fraud)). The alleged fraud did not prevent Plaintiff from presenting his claim in state court. *See Wood*, 644 F.2d at 801. In fact, Plaintiff was sworn in and testified at both the evidentiary hearing on Defendant's Motion of Temporary Orders in state court on February 9, 2024 and the state court evidentiary hearing on Defendant's Petition to

---

[2] "*Rooker-Feldman* therefore does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." *Kougasian*, 359 F.3d at 1141.

- 4 -

Enforce and Modify Parenting Time on April 30, 2024. (Doc. 15-1 at 101-05, 127). Further, Plaintiff raised similar allegations in the state court proceedings, alleging in his Pretrial Statement that Defendant "continually ma[de] false claims of child abuse to win the upper hand in these court proceedings." (*Id.* at 121). The precise issue determined in the state court proceedings involved whether child abuse provided a basis for revocation or modification of the state court's temporary order. (*Id.* at 101). "Thus, the alleged fraud went to the 'very heart of the issues contested in the state court action' and could not constitute extrinsic fraud." *Meena*, 2014 WL 6892724, at *9 (quoting *Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380, 1384 (9th Cir. 1978)).

As to the remainder of Plaintiff's extrinsic fraud claims, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff alleges that Defendant failed to disclose and deliberately concealed the Forensic Nurse Examination Report and the findings of Department of Child Safety ("DCS") officer, Brooke Riddle. (Doc. 13 at 6-7). Specifically, Plaintiff alleges that concealing this evidence impaired his ability to present expert testimony, to challenge or support the findings, to cross-examine Defendant or other witnesses regarding the findings, to fully understand the factual basis for the claims against him, and to adequately prepare a defense. (*Id.* at 6-8). However, Plaintiff pleads no facts sufficient to support such allegations. Plaintiff, in his Pretrial Statement, listed "Neg Forensic Nurse Exam & Doctor Visit" as one of his exhibits, indicating he had access to the report in advance of the hearing. (Doc. 15-1 at 122). Additionally, neither party submitted DCS findings as a pretrial exhibit. (*Id.* at 115, 122). Rather, Defendant listed Brooke Riddle as a witness, and in Plaintiff's Pretrial Statement, he objected to Brooke Riddle as a witness. (*Id.*). To state a claim of extrinsic fraud, Plaintiff must demonstrate "conduct which [prevented him] from presenting his claim in court." *Wood*, 644 F.2d at 801. Here, state court documents reflect that, at the evidentiary hearing, the state court heard discussion regarding exhibits and Plaintiff's objections thereto. (*Id.* at 127). Thus, this Court lacks jurisdiction under *Rooker-Feldman* to review Plaintiff's claims because Plaintiff presented his discovery objections in state court. Accordingly, Plaintiff's extrinsic

- 5 -

fraud claims are dismissed.

### c. Parental Rights Claims

Plaintiff asserts that Defendant violated his "parental rights" under the Fifth and Fourteenth Amendments and under federal criminal statute 18 U.S.C. § 241, which criminalizes "conspiracy against rights." (Doc. 13 at 5). "Individuals bringing actions against private parties for infringement of their constitutional rights . . . must show that the private parties' infringement somehow constitutes state action." *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996). Plaintiff makes no allegations regarding state action or that Defendant was a state actor. As such, Plaintiff's due process claims under the Fifth and Fourteenth Amendment are dismissed. Further, 18 U.S.C. § 241 does not provide a basis for civil liability, s*ee Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), so the statutory claim is also dismissed.[3]

### d. Leave to Amend

The Ninth Circuit instructs lower courts to "heed carefully the command of [Federal Rule of Civil Procedure 15(a)] by freely granting leave to amend when justice so requires." *Eldrige v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted). "This policy is applied even more liberally to pro se litigants." *Eldrige*, 832 F.2d at 1135. "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). As such, the Court grants Defendant's Motion to Dismiss with leave for Plaintiff to amend one final time.

### II.   Plaintiff's Motion to Strike and Motion for Sanctions (Doc. 20)

Plaintiff moves to strike Defendant's Exhibits (Doc. 15-1) from the record. Plaintiff asserts that Defendant and her counsel violated Federal Rule of Civil Procedure 5.2(a) and the Children's Online Privacy Protection Act ("COPPA") by improperly submitting and

---

[3] Plaintiff alleges, separately, that Defendant conspired with DCS; however, Plaintiff fails to state a cognizable legal theory. *See Robertson*, 749 F.2d at 534. To the extent that the legal claim is based on 18 U.S.C. § 241, it fails, as the criminal statute provides no basis for civil liability. *See Aldabe*, 616 F.2d at 1092.

disclosing a minor child's full name and birthdate in a publicly accessible court document. (Doc. 20 at 1).

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 5.2(a) provides that "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . a party or nonparty making the filing may include only (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number." Fed. R. Civ. P. 5.2(a). However, 5.2(b) carves out exemptions from the 5.2(a) redaction requirement. *Id.* at 5.2(b). Specifically, the redaction requirement does not apply to "the official record of a state-court proceeding." *Id.* at 5.2(b)(3). Here, Defendant's exhibits are all court filings from the official record of the state-court proceedings to which both Plaintiff and Defendant were a party. (Doc. 15-1). All thirteen exhibits are related to Superior Court of Arizona in Maricopa County case number "FC 2017-096843" and marked as such. (*Id.*). Accordingly, Plaintiff's Motion to Strike and Motion for Sanctions is denied, as the exhibits are permissible under Rule 5.2(b)(3).[4]

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss First Amended Complaint (Doc. 15) is granted with leave to amend within thirty days of the date of this Order. If Plaintiff fails to file a second amended complaint in compliance with this Court's orders within thirty days of this Order, the Clerk is directed to terminate this action and enter a judgment of dismissal.

/ / /

/ / /

---

[4] "The Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. §§ 6501-06, gives the Federal Trade Commission ("FTC") authority to regulate the online collection of personal identifying information about children under the age of 13." *Jones v. Google LLC*, 73 F.4th 636, 639 (9th Cir. 2023). COPPA does not govern rules of procedure in state or federal court.

1  **IT IS FURTHERED ORDERED** that Plaintiff's Motion to Strike and Motion for
2  Sanctions (Doc. 20) is denied.

3  Dated this 5th day of June, 2025.

_____
G. Murray Snow
Senior United States District Judge